Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000400
14-MAY-2018
08:07 AM

NO. CAAP-17-0000400

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI,
Plaintiff-Appellee,
v.
SARA A. CHAPPELL,
Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
KANEʻOHE DIVISION
(CASE NO. 1DTA-16-02783)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Chan, JJ.)

On August 5, 2016, the State of Hawaiʻi (State) charged Defendant-Appellant Sara A. Chappell (Chappell) with one count of Operating a Vehicle Under the Influence of an Intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(1) and/or (a)(3). The District Court of the First Circuit, Kaneʻohe Division (district court) dismissed the charge against Chappell without prejudice for violation of the speedy trial requirements set forth in Rule 48 of the Hawaiʻi Rules of Penal Procedure (HRPP).[1] HRPP Rule 48(b) provides that "the court shall, on motion of the defendant, dismiss the charge, with or without

---

[1] The Honorable Maura M. Okamoto presided.

prejudice in its discretion, if trial is not commenced within" the time required by HRPP Rule 48.

On appeal, Chappell contends that the district court erred in dismissing her charge without prejudice, instead of with prejudice. Specifically, Chappell argues that the district court failed to make appropriate findings, including whether HRPP Rule 48 had already been violated, and failed to consider the factors set forth in State v. Estencion, 63 Haw. 264, 625 P.2d 1040 (1981).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we vacate and remand the case for further proceedings.

As we stated in State v. Hern, 133 Hawai'i 59, 60-61, 323 P.3d 1241, 1242-43 (App. 2013),

> pursuant to the Hawai'i Supreme Court's decision in [Estencion], in determining whether to dismiss a case with or without prejudice for violation of the time limits set forth in HRPP Rule 48, the trial court is required to consider, among others, each of the following three factors: (1) the seriousness of the offense; (2) the facts and the circumstances of the case which led to the dismissal; and (3) the impact of a reprosecution on the administration of HRPP Rule 48 and on the administration of justice" (hereinafter, the "[Estencion] factors"). . . . [T]he trial court must clearly articulate the effect of the Estencion factors and any other factor it considered in rendering its decision. We need not automatically remand every case in which the trial court's findings are deficient, if the record is otherwise sufficient for this court to determinate whether the trial court abused its discretion. However, we will remand the case for the trial court to make the appropriate findings where: (1) the record affirmatively shows that the trial court failed to consider the Estencion factors; (2) the record is inadequate to permit meaningful review of the trial court's exercise of discretion; or (3) the trial court's findings are deficient and an inordinate burden would be placed on this court to conduct a searching review of the record necessary to determine whether the trial court abused its discretion.

Id. (citations, internal quotation marks, and brackets omitted).

In dismissing Chappell's charge without prejudice, the district court reasoned:

> THE COURT: And I will state that this is going to be without prejudice, but it is based on the fact that the court finds that the allegations of driving under the

2

influence are very serious and that we do consider this a serious matter in that it um-- the potential for harm to the general public who are driving as well as harm to defendant himself sometimes is -- is there.

So we do consider this a serious matter. For that reason we would dismiss it without prejudice. We also do not feel that there is prejudice to defendant in this matter and that it is in the interest of justice to do this. So for those reasons this is (inaudible) and continued without prejudice -- I mean -- sorry -- dismissed.

We conclude that the district court erred in dismissing Chappell's charge without prejudice, without first considering all of the required Estencion factors under the particular circumstances of Chappell's case. While it appears that the district court considered the first Estencion factor (the seriousness of the offense) and, to a limited degree, the third Estencion factor (the impact of a reprosecution on the administration of HRPP Rule 48 and on the administration of justice),[2] the district court did not consider the second Estencion factor (the facts and circumstances of the case which led to the dismissal) in determining whether to dismiss Chappell's charge with or without prejudice. In addition, the record is inadequate for this court to meaningfully review whether the district court properly exercised its discretion in dismissing Chappell's OVUII charge without prejudice. With the exception of the April 11, 2017 hearing in which the district court dismissed the case without prejudice, the transcripts of other hearings held in this case were not made part of the record on appeal.

Based on the foregoing, we vacate the district court's "Notice of Entry of Judgment and/or Order and Plea/Judgment" entered on April 11, 2017, and remand the case with instructions that the district court (1) consider each of the Estencion factors in determining whether to dismiss Chappell's OVUII charge with or without prejudice, and (2) make findings that clearly

---

[2]     In dismissing Chappell's charge without prejudice, the district court stated that it "[did] not feel that there [was] prejudice to defendant in this matter . . . ." See State v. Kim, 109 Hawai'i 59, 64-66, 122 P.3d 1157, 1162-64 (App. 2005) (noting that "prejudice to the defendant" is considered under the third Estencion factor).

articulate the effect of the <u>Estencion</u> factors and any other factor it considered in rendering its decision.

DATED:  Honolulu, Hawaiʻi, May 14, 2018.

On the briefs:

Richard L. Holcomb,
for Defendant-Appellant.

Keith M. Kaneshiro,
Prosecuting Attorney, and
Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City and County of Honolulu
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

4